UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SOLORZANO,<br><br>                              Plaintiff,<br>v.<br>KIMBERLY HOLLAND, Warden,<br>                             Defendant. | Case No.: 3:16-cv-02268-AJB-KSC<br><br>**ORDER:**<br>**(1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 25),**<br>**and**<br>**(2) DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS**<br>**(Doc. No. 1)** |

Before the Court is Petitioner Jesus Solorzano's petition for Writ of Habeas Corpus. (Doc. No. 1.) In the Report and Recommendation ("R&R"), the Magistrate Judge recommended denying Solorzano's federal petition for writ of habeas corpus brought under 28 U.S.C. § 2254. (Doc. No. 25.) For the reasons stated herein, the Court **ADOPTS** the R&R and **DENIES** Solorzano's writ of habeas corpus.

## I.    PROCEDURAL BACKGROUND

On September 20, 2013, a jury found petitioner guilty of various crimes. (Doc. No. 1 at 2.) Petitioner was sentenced to an aggregate term of 114 years in state prison, where he is currently incarcerated. (*Id*.)

Petitioner timely appealed the judgment of conviction to the California Court of Appeal arguing the trial court erred in failing to instruct on lesser included offenses

("LIO"). (Doc. No. 17-27.) The court affirmed petitioner's conviction finding, even though the charged crimes did include the LIOs, the record lacked the substantial evidence that would give rise to a *sua sponte* duty to give instructions on the LIOs and the failure of the trial court to give LIO instructions did not prejudice defendant. (Doc. No. 17-30 at 12, 17–18.) Petitioner filed a Petition for Rehearing with the California Court of Appeal, (Doc. No. 17-31), which was denied, (Doc. No. 17-32).

Petitioner further appealed the judgment of conviction to the California Supreme Court arguing the trial court's error in failing to instruct on lesser included offenses was prejudicial and the instructional error denied petitioner due process. (Doc. No. 1, at 4; *see also* Doc. No. 17-33.) Petitioner's Petition for Review was summarily denied without discussion. (Doc. No. 17-34.)

Petitioner filed a Petition for Writ of Habeas Corpus with the California Supreme Court. (Doc. No. 17-35.) Petitioner also filed the operative Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction, (Doc. No. 1), and applied for a stay and abeyance of federal court proceedings pending resolution of the state habeas petition before the California Supreme Court, (Doc. No. 2). Before Petitioner's application for stay and abeyance could be considered, the California Supreme Court denied Petitioner's state habeas petition. (Doc. No. 12 at 1–2.) Accordingly, Judge Sabraw denied as moot petitioner's application for stay and abeyance of the federal habeas petition. (Doc. No. 12.)

Magistrate Judge Crawford submitted the operative R&R directing judgment be denied against Solorzano. (Doc. No. 25.) Solorzano objected. (Doc. No. 29.) At all relevant times, petitioner was represented by counsel. (*See* Doc. No. 1 at 14.)

As stated in the R&R, "Petitioner's operative federal habeas Petition contains one unexhausted claim that, '[p]etitioner was denied his Sixth Amendment right to counsel when his trial attorney misdirected the trial court on the law and his trial was unfair and violated Due Process and the 14th Amendment.'[Citation.]" (Doc. No. 25 at 5–6; *see also* Doc. No. 1 at 6.)

## II. FACTUAL BACKGROUND

The factual background of the underlying conviction, as summarized in the unpublished California Court of Appeal opinion in petitioner's direct appeal of the judgment of conviction, is quoted in Magistrate Judge Crawford's R&R. (Doc. No. 25 at 2–4.) The Court fully incorporates by reference that factual background section of the R&R into this Order.

In addition, to support his state habeas petition, petitioner submitted a declaration from his trial counsel, C. Bradley Patton, where Mr. Patton stated he "was unaware the non-forcible offenses were lesser *included* offenses[,]" and not just lesser related offenses, and that his "failure to discover the fact that the non-forcible offenses were included offenses was merely the product of inadvertence and not by design nor undisclosed intention." (Doc. No. 17-35 at 64, 66.) Petitioner now seeks federal habeas relief on the ground that he was denied ineffective assistance of counsel evidenced by the alleged error by his counsel in violation of the Sixth Amendment.

## III. LEGAL STANDARDS

### A. Scope of Review of the Report and Recommendation

The duties of the district court with respect to a magistrate judge's R&R are set out in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989).

As to portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that failure to file objections only relieves the trial court of its burden

to give de novo review to factual findings; conclusions of law must still be reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

### B. Standard of Review for Habeas Corpus Relief

A petitioner in state custody pursuant to the judgment of a state court may challenge his detention only on the ground that his custody is in violation of the United States Constitution or the laws of the United States. 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended 28 U.S.C. § 2254(d), applies to § 2254 habeas corpus petitions filed after 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to the AEDPA, a § 2254 habeas corpus petition must not be granted with respect to any claim adjudicated on the merits by a state court, unless the adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

To determine what constitutes "clearly established federal law" under 28 U.S.C. § 2254(d)(1), courts look to Supreme Court holdings existing at the time of the state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). A state court decision is contrary to clearly established federal law when the court applies a rule that contradicts the governing law set forth in United States Supreme Court cases. *Id*. at 73 (citing *Williams v. Taylor*, 529 U.S. 362 (2000)). A state court decision is also contrary to clearly established federal law when the court confronts a set of facts that are materially indistinguishable from a United States Supreme Court decision but reaches a result different from that Supreme Court decision. *Id*. Finally, a state court decision involves an unreasonable application of clearly established federal law when it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (quoting *Williams*, 529 U.S. at 407–08) (internal quotation marks omitted). To be an unreasonable application of federal law the state court decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Lockyer*, 538 U.S.

at 75.

When there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision. *See Y1st v. Nunnemaker*, 501 U.S. 797, 801–06 (1991).

## IV. DISCUSSION

Petitioner's substantive objections to the R&R essentially repeat (almost entirely verbatim) the same arguments already presented before the Magistrate Judge and considered in the R&R: (1) petitioner's trial counsel was ineffective for failing to notify the trial court of the existence of lesser included offenses, and (2) the evidence was insufficient to support Petitioner's conviction on the greater offenses.

### A. Ineffective Assistance of Counsel Claim

Petitioner first argues that his trial counsel's conduct was "deficient" and "fell below the prevailing norms." (Doc. No. 29 at 10.) The R&R recommends dismissal of this claim, finding that because LOI instructions were not required under California Law, petitioner's trial counsel's conduct did not rise to the level of a Constitutional violation. (Doc. No. 25 at 10.) Petitioner objects to the R&R on the basis that "there is no dispute" as to the deficiency of his trial counsel's conduct. (Doc. No. 29 at 10.)

#### 1. Standard of Review

The Sixth Amendment guarantees criminal defendants the constitutional right to be represented by counsel at all critical stages of the prosecution. *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002). To prevail on a claim that his trial counsel rendered ineffective assistance, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688–93 (1984). A petitioner must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. *Id*. at 687; *United States v. Olson*, 925 F.2d 1170, 1173 (9th Cir. 1991). "Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] 'address both components of the inquiry if the defendant makes an insufficient showing on one.'"

*Gonzalez v. Wong*, 667 F.3d 965, 987 (9th Cir. 2011).

### *2. Discussion*

The California Court of Appeals held the LIO instructions, although potential violations under the charging instrument, were not required. (Doc. No. 17-30 at 12, 17.) As such, the R&R concludes the trial counsel's characterization of the lesser offenses as "related" rather than "included" or failure to request the LIO instructions did not rise to the level of a Constitutional violation. (Doc. No. 25 at 10.)

First, petitioner objects arguing "there is no dispute that trial counsel's representation fell below [the *Strickland*] standard." (Doc. No. 29 at 10.) To show this, Petitioner proffered a declaration from his trial counsel, C. Bradley Patton, stating he "informed the trial court the requested instructions on non-forcible sex offenses were not lesser *included* offenses, but instead were lesser *related* offenses" and, at the time of the request, he "was unaware the non-forcible offenses were actually lesser *included* offenses." (Doc. No. 29, at pp. 10, 11; Doc. No. 17-35 at 64–67.) (emphasis in original). Petitioner contends his trial counsel's admitted erroneous characterization and lack of awareness as to the lesser offenses is definitive evidence his trial counsel's performance was deficient under prong one of the *Strickland* standard. (Doc. No. 29 at 10.)

Under the performance prong of the *Strickland* test, the Court does not focus on whether counsel's advice was right or wrong, but whether that advice was within the range of competence demanded of attorneys in criminal cases. *Turner*, 281 F.3d at 881 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an *objective* standard of reasonableness." *Strickland*, 466 U.S. at 687–88 (emphasis added). Under the *Strickland* standard, there is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." *Id*. at 689. Furthermore, a reviewing court is "not obligated to accept the self-proclaimed assertions of trial counsel of inadequate performance." *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007).

The R&R found "because the California Court of Appeal found the LIO instructions were not required[,]" "[w]hether petitioner's [trial] counsel misspoke or failed to understand the difference between a lesser related offense versus less included offense request made no difference." (Doc. No. 25 at 10–11.) This Court agrees.

In his declaration to the California Supreme Court, petitioner's trial counsel admits to misspeaking and being unaware of the LIOs at trial. (Doc. No. 17-35 at 64–67.) However, the standard is not whether trial counsel believes his own performance was inadequate, but whether the representation was objectively reasonable.

The California Court of Appeal determined that, upon the record before it, the LIO instructions were not necessary as a matter of California law. (Doc. No. 25 at 11.) It is worth noting that the Court of Appeal was reviewing whether the trial court committed any error in failing to *sua sponte* instruct on the LIOs, where petitioner, here, asks this Court to review whether his trial counsel gave ineffective assistance by failing to properly request the LIO instructions. As noted in the R&R, regardless of who was responsible for the omission of the LIO instructions, the outcome is the same: the LIO instructions were not required. (*See* Doc. No. 25 at 10 fn.6.) Therefore, this Court finds that it cannot be said that petitioner's trial counsel's conduct or performance was objectively unreasonable when he failed to properly request the LIO instructions.

Second, petitioner objects arguing "the record demonstrates the Court of Appeal made an unreasonable determination of the facts and law when it concluded petitioner was not prejudiced by the lack of LIO instructions." (Doc. No. 29 at 13.) Under the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The R&R found the prejudice standard under *People v. Watson*, 46 Cal.2d 818 (1956), was substantially similar to the prejudice standard under *Strickland*. (Doc. No. 25 at 11.) Under the *Watson* standard, the Court of Appeal determined any error attributable

to the omission of the LIO instructions was not prejudicial to petitioner. (*Id*.) After review of the record and evidence, the R&R found that "petitioner has not sufficiently shown that he had a reasonable probability of obtaining a more favorable result at trial, absent the error of his counsel." (*Id*. at 12.) This Court agrees.

Petitioner objects arguing the jury could have concluded that Petitioner's acts were "precise[ly] the opposition of 'benign' and still be able to conclude that acts were not the product of threats to Petitioner's daughter." (Doc. No. 29 at 16.) And if the jury were to so conclude, and if the LIO instructions were given, petitioner's sentence would have been drastically reduced. (Doc. No. 24 at 10.)

However, the Court of Appeal, after finding the LIO instructions were not required, went on to conclude there was also no prejudice: "even if we were to set aside our reticence and conclude that lesser included offense instructions should have been given here . . . we do not believe it is probable that had lesser included offense instructions been given, the jury would have returned a more favorable verdict to Solorzano." (Doc. No. 17-30 at 17, 18.) The Court of Appeal, upon review of the trial court record, found "[t]he record shows that the jury did not accept *some* of N.'s testimony, but *all* of it, in all of its extensive detail." (Doc. No. 17-30 at 18.) This finding was supported by the extensive examination of N. by both the prosecutor and the defense counsel as to whether N. had in any way consented to the charged sex acts, the trial court's instructions, and the jury verdicts as to N. (*Id*.) In light of this evidence to support the jury verdict, the Court of Appeals "[did] not believe it was probable that had the lesser included offense instructions been given, the jury would have returned a more favorable verdict." (*Id*.)

Therefore, this Court agrees the alleged error by petitioner's trial counsel was not prejudicial and petitioner has failed to put forth any evidence tending to show a reasonable probability of obtaining a more favorable result, absent the error by his counsel. Furthermore, this Court agrees with the R&R that, under the AEDPA, the Court of Appeal's application of *Watson* was not contrary to clearly established Supreme Court precedent, nor an unreasonable determination of the facts from the record. *See* 28 U.S.C.

1 § 2254(d). Accordingly, the Court **ADPOTS** the R&R's recommendation and **DENIES** Petitioner's relief based on the ineffective assistance of counsel claim.

### B. Insufficiency of Evidence Claim

Petitioner does not raise a separate sufficiency of the evidence claim, however, Petitioner argues in his petition, his briefs in support of his petition, and, again, in his objections that there was insufficient evidence to support his conviction. Specifically, petitioner argues "the evidence was insufficient as a matter of law" to convict petitioner of *forcible* sex acts against his daughter. (Doc. No. 29 at 13). Despite the lack of reference to a distinct claim for relief, the R&R addressed the claim separately and recommended dismissal, in conformance with the California Court of Appeal, claiming there is substantial evidence in the record from which the jury could have found the necessary elements under the offense charged. (Doc. No. 25 at 16–17.)

#### 1. Standard of Review

A habeas petitioner challenging a state criminal conviction based on sufficiency of the evidence is entitled to relief "if it is found that upon the evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The critical inquiry is whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt when the evidence is viewed in the light most favorable to the prosecution. *Id*. at 318–19. If the record contains facts that support conflicting inferences, the reviewing court must presume that the trier of fact resolved any conflicts in favor of the prosecution and defer to that determination. *Id*. at 326. Under the AEDPA, courts apply the *Jackson* standard with an additional layer of deference. *Shakir v. Lewis*, 520 F. App'x 523, 524 (9th Cir. 2013). Thus, when the last state court to consider a petitioner's claim denies it without explanation, a petitioner is entitled to relief only if "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005) (explaining that a federal habeas petitioner's *Jackson* claim is subject to doubly deferential review under AEDPA).

In evaluating a sufficiency of the evidence claim, the reviewing federal court must look to the applicable state law defining the substantive elements of the crime. *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004) (en banc) (stating the *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.") (citing *Jackson*, 443 U.S. at 324 n.16).

### *2. Discussion*

Petitioner's objections arguing the evidence presented at trial was insufficient to support the jury's finding of duress required to convict petitioner of the charged forcible sex crimes because there was no evidence of "express or implied threats." (Doc. No. 29 at 14.) The California Court of Appeals held there was sufficient evidence for the jury to convict petitioner of the charged forcible sex offenses. (Doc. No. 17-30 at 15.) The R&R, upon review of the record, found it was not objectively unreasonable for the Court of Appeals to so hold. (Doc. No. 25 at 15.) Absent any specific objections to the R&R's findings of facts as to the sufficiency of evidence claim, this Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law as to portions of the report to which no objection is made. *See Campbell*, 501 F.2d at 206.

Under California law, the crimes of rape, oral copulation, and penetration with a foreign object, when committed with the use of force, duress, or fear of immediate and unlawful bodily injury on the victim, allow for additional penalty. *See* Cal. Pen. Code §§ 261(a)(2), 288a(c)(2)(A), and 289(a)(1)(A). Duress in the context of these crimes means "a direct or implied threat of force, violence, danger, hardship or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to (1) perform an act which otherwise would not have been performed or, (2) acquiesce in an act to which one otherwise would not have submitted." *People v. Cochran*, 103 Cal. App. 4th 8, 13 (2002), *disapproved on other grounds by People v. Soto*, 51 Cal. 4th 229 (2011) (internal quotations omitted). Duress involves psychological coercion and can arise from various circumstances "including the relationship between the defendant and the victim and their

relative ages and sizes." *People v. Senior*, 3 Cal. App. 4th 765, 775 (1992) (citations omitted). Courts consider the totality of the circumstances when appraising the existence of duress. *People v. Leal*, 33 Cal. 4th 999, 1004–05 (2004); *Cochran*, 103 Cal. App. 4th at 13.

Under California Law, duress, in the context of these sexual crimes, may manifest in a variety of ways depending on the totality of the circumstances. Here, the Court of Appeal found "N.'s testimony, Solorzano's role as her father, his relative size and strength, and the physical control he exerted over her before and during the sex acts provide ample evidence of both psychological and physical coercion that is sufficient to establish duress. [Citation.]" (Doc. No. 17-30 at 15.) The court further found "there [was] nothing in the record which undermines N.'s credibility with respect to the nonconsensual nature of what happened to her." (*Id*. at 16.)

The R&R found the "Court of Appeal neither deemed the jury's conclusion one with which no rational trier of fact could agree nor applied a standard contrary to Supreme Court precedent. [Citation.]" (Doc. No. 25 at 14.) This Court agrees. This Court finds the R&R employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. Accordingly, the Court **ADPOTS** the R&R's recommendation and **DENIES** Petitioner's relief based on the insufficiency of evidence claim.

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to the petitioner in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel,* 529 U.S. 473, 474 (2000). Here, the Court finds that reasonable jurists could

not debate whether the petition should have been resolved differently and thus **DENIES** issuing a certificate of appealability.

## VI. CONCLUSION

Thus, based on the reasoning stated herein, the Court **ADOPTS** the R&R, (Doc. No. 21), **GRANTS** Respondent's dismissal motion, (Doc. No. 16), and **DISMISSES** Solorzano's federal petition for habeas corpus, (Doc. No. 1). The Court **ORDERS** the Court Clerk to close the case.

**IT IS SO ORDERED.**

Dated: July 16, 2019

Hon. Anthony J. Battaglia
United States District Judge

12

3:16-cv-02268-AJB-KSC